## RAY DAINE v. STATE.

No. A-7579.   Opinion Filed Aug. 29, 1930.
(291 Pac. 136.)

L. C. McLean, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of having in his possession 72 pints of home brew, containing more than one-half of 1 per cent. of alcohol by volume, with intent to sell, barter, give away, or otherwise furnish the same to others, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 60 days, from which judgment and sentence the defendant has appealed.

The testimony on behalf of the state shows that Charles Allen and E. J. Peel went to defendant's home with a search warrant and searched his premises and found 72 pints of home brew; that the same was analyzed by Earl Cary, a chemist, and showed that it contained 4.4 per cent. alcohol measured by volume.

The defendant testified in his own behalf and admitted he had a number of bottles of home brew, but denied it was for the purpose of selling, giving away, or otherwise furnishing the same to others.   There is no proof on the part of the state of the sale of any of the home brew found

in the defendant's home and under the floor of his home. The quantity the defendant had on hand is prima facie evidence of his intent to barter, sell, give away, or otherwise furnish the same to others in violation of the law.

The defendant has assigned several errors alleged to have been committed by the trial court. The defendant urges that the court erred in overruling his motion to suppress the evidence secured by reason of the search warrant, for the reason that the affidavit upon which it was based is insufficient. The affidavit is positive in form, and was sufficient to predicate the issuance of the search warrant by the magistrate. It is true that in the trial of the case the officer making the affidavit for the search warrant showed that he knew nothing about what was stated in the affidavit for the search warrant, but this court has repeatedly held that, where the statements in the affidavit are positive in form, the question of the sufficiency of the affidavit cannot be raised in the trial of the case. The evidence in this case is sufficient to sustain the verdict of the jury. The court properly instructed the jury as to the law.

No errors appearing in the record of sufficient merit to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.